R. I. HOSPITAL TRUST CO. *vs.* RUFUS WATERMAN *et al.*

PROVIDENCE—NOVEMBER 18, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Trust Funds. Change of Investment. Expenses.*

Where the change of investment of a trust fund was of benefit both to the life-tenant and the ultimate legatees, there should be an apportionment of the expenses dependent upon the relative benefits resulting from the change.

General rules relating to charging expenses of a change of investment of trust funds.

BILL IN EQUITY for a change of investment of a trust fund. Heard on motion for an order for the expenses.

STINESS, C. J. The complainant moves for an order for the expenses of this bill, which is for a change of investment of a trust fund.

No rule can be established, in regard to charging the expense of a change of investment of trust funds, to be applied in all cases, because the conditions and exigencies are too diverse. It may be said generally, however, that (1) where the change is made for the safety of the principal, and so for the benefit of the donee of the fund, the expense should be charged to the fund. (2) In cases where the change is made

for the benefit of the life-tenant it should be charged to income.   (3) In cases where the change becomes necessary without special benefit to either, and so is incidental to the administration of the trust, it should be charged to income. (4) In cases where the change is beneficial to all the donees, an equitable apportionment should be made.

(1)   In the present case we are of opinion that the change was of benefit both to the life-tenant and the ultimate legatees, and hence that there should be an apportionment of the expenses dependent upon the relative benefits resulting from the change.   Upon the extent of these benefits the court will hear testimony.

*James Tillinghast*, for complainants.